UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN RILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>HILL INTERNATIONAL, INC., DAVID SGRO, RAOUF S. GHALI, PAUL J. EVANS, GRANT G. MCCULLAGH, JAMES B. RENACCI, SUSAN STEELE, and ARNAUD AJDLER,<br><br>    Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

  Plaintiff Sean Riley ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

  1. Plaintiff brings this action against Hill International, Inc. ("Hill" or the "Company") and Hill's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Global Infrastructure Solutions Inc. through its wholly-owned subsidiary Liberty Acquisition Sub Inc. (collectively "GISI").

  2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on September 30, 2022. The Proxy recommends that Hill stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Hill is acquired by GISI. The Proposed Transaction was first disclosed on

1

August 16, 2022, when Hill and GISI announced that they had entered into a definitive merger agreement pursuant to which GISI would acquire all of the outstanding shares of common stock of Hill for $2.85 per share. Hill and GISI entered into an amended merger agreement on August 26, 2022 (the "Merger Agreement"), whereby GISI will acquire all of the outstanding shares of Hill common stock for $3.40 per share (the "Merger Consideration").

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Hill management, the financial analyses conducted by Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), Hill's financial advisor, the background of the Proposed Transaction, and potential conflicts of interest faced by Company insiders and Houlihan Lokey.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Hill's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Hill's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Hill.

6. Defendant Hill is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at One Commerce Square,

2005 Market Street, 17th Floor, Philadelphia, Pennsylvania 19103. Hill common stock trades on the New York Stock Exchange under the ticker symbol "HIL."

7. Defendant Raouf S. Ghali has been a director of the Company since 2016 and has served as Chief Executive Officer since 2018.

8. Defendant David Sgro has been a director of the Company since 2016. Defendant Sgro also serves as Chairman of the Board.

9. Defendant Paul J. Evans has been a director of the Company since 2016.

10. Defendant Grant G. McCullagh has been a director of the Company since 2019.

11. Defendant James B. Renacci has been a director of the Company since 2020.

12. Defendant Susan Steele has been a director of the Company since 2019.

13. Defendant Arnaud Ajdler served as a director of the Company from 2018 until September 25, 2022.

14. Nonparty Global Infrastructure Solutions Inc. is a privately-owned construction manager.

15. Nonparty Liberty Acquisition Sub Inc. is a wholly owned subsidiary of Global Infrastructure Solutions Inc.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

17. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as

to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

18. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

19. Hill provides project management, construction management, facilities management, and other consulting services to clients in the building, transportation, energy, and environmental industries. The majority of the Company's revenues come from U.S. and foreign government clients, representing approximately 61% of total revenue.

20. On August 15, 2022, the Company entered into the original merger agreement with GISI.

21. According to the press release issued on August 16, 2022, announcing the Proposed Transaction:

**Hill International to be Acquired by Global Infrastructure Solutions Inc. for $2.85 Per Share**

**PHILADELPHIA, PA and NEW YORK, NY – August 16, 2022** – Hill International, Inc. (NYSE:HIL) ("Hill" or the "Company"), delivering the infrastructure of change, announced today it has entered into a definitive merger agreement with Global Infrastructure Solutions Inc. (GISI), the largest privately owned construction manager in the commercial building, industrial and healthcare markets, and a leading project/construction manager in the environmental and public infrastructure sectors.

Under the terms of the merger agreement, GISI will commence an all-cash tender offer to acquire 100% of the issued and outstanding shares of Hill for $2.85 in cash per share, representing a premium of 62.8% to Hill's closing share price on August 16, 2022. Following the successful completion of the tender offer, GISI will acquire all remaining shares not tendered in the tender offer through a second-step merger

4

at the same price, making Hill a privately held company under the GISI banner. The transaction values Hill International share capital at $173 million.

Hill International CEO Raouf Ghali said of the decision to join GISI: "Since our founding in 1976, Hill has grown into an industry-leading program, project, and construction management company. By joining the GISI family of companies, Hill will be well-positioned to continue to take advantage of the opportunities the industry offers while concurrently enhancing the quality of our client services thanks to GISI's focus on long-term success."

"We are confident this decision aligns with Hill's mission and brings value to our clients, our professionals, and our investors," Ghali added. "And I would personally like to thank our Board of Directors for their confidence and support in our management team during my tenure as CEO of our company."

GISI President and Chief Executive Officer Rick Newman stated: "Hill International has been a leader in the program, project, and construction management space for nearly 50 years, delivering infrastructure projects from New York City to Abu Dhabi and everywhere in between. Their uniqueness as a for-fee-only management firm, combined with their technical and managerial expertise, makes the company a welcome addition to the GISI family. We're excited to bring aboard Raouf and the entire Hill team."

The transaction was unanimously approved by Hill's Board of Directors.

The transaction is expected to close in the fourth quarter of 2022, subject to satisfaction of certain conditions, including the tender of shares representing at least a majority of the total number of Hill's outstanding shares, receipt of required antitrust clearance, and other customary conditions. Engine Capital, which holds approximately 10% of the common shares outstanding, has agreed to tender their shares in the offering. Closing of the transaction is not subject to a financing condition. The merger agreement contemplates that the parties may elect to effectuate the transaction as a one-step merger, in which case Hill would seek stockholder approval of the transaction, instead of as a tender offer followed by a second-step merger. Upon completion of the transaction, Hill's shares will no longer trade on the New York Stock Exchange.

The Board entered into the Merger Agreement on August 26, 2022, which increased the Merger Consideration to $3.40 per share.

B. **The Materially Incomplete and Misleading Proxy**

22. On September 30, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information

Case 1:22-cv-08983-AKH   Document 1   Filed 10/21/22   Page 6 of 13

necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

23.    The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Houlihan Lokey's fairness opinion, Houlihan Lokey reviewed "reviewed certain information relating to the historical, current and future operations, financial condition and prospects of the Company made available to Houlihan Lokey by the Company, including financial projections prepared by the management of the Company." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Hill's management provided to the Board and Houlihan Lokey.

24.    Notably, Defendants failed to disclose (a) the Company's projected unlevered, after-tax free cash flows used by Houlihan Lokey in its Discounted Cash Flow Analysis ; and (b) Hill's line item entries forming the basis of Hill's projections for the calculation of unlevered free cash flows and Adjusted EBITDA.

25.    This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Houlihan Lokey's Financial Analyses*

26.    With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose (a) Hill's terminal values; and (b) the cash, debt, and the estimated present value of receivables from the Company's client in Libya.

27. With respect to the *Selected Companies* and S*elected Transactions Analyses*, the Proxy fails to disclose (a) the specific financial multiples and metrics for each of the selected companies and transactions analyzed; and (b) the amount of cash, debt and the estimated present value of receivables from the Company's client in Libya contained in Houlihan Lokey's analysis.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process and Background of the Proposed Transaction*

28. The Proxy fails to disclose information about confidentiality agreements entered into between the Company and parties to the sales process. The Proxy does not disclose the terms of the standstill provisions, whether the standstill provisions are still in effect or have been waived, and which of the parties cannot make a superior proposal for the Company. The disclosure of the terms of any standstill provisions is crucial to Plaintiff being fully informed of whether his fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

### *Materially Incomplete and Misleading Disclosures Concerning Potential Conflicts of Interest*

29. The Proxy fails to disclose material information concerning potential conflicts of interest by Houlihan Lokey, including the details of the services Houlihan Lokey and its affiliates have rendered to GISI and its compensation for such services. The Proxy also fails to disclose details concerning any services Houlihan Lokey rendered to Hill in the two years preceding its fairness opinion, and any compensation it received for those prior services.

30. The Proxy also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of GISI's proposals or indications of interest discussed management retention in the surviving corporation for the purchase of or participation in the equity by Company management in the combined company following the completion of the Proposed Transaction.

31. This information is necessary to provide Company stockholders a complete and

7

accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

32. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

33. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

34. Further, the Proxy indicates that on August 26, 2022, Houlihan Lokey reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view to Hill stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Houlihan Lokey's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

35. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Defendants have filed the Proxy with the SEC with the intention of soliciting Hill stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

38. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Hill, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

39. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

40. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Hill shares and the financial analyses performed by Houlihan Lokey in support of its fairness opinion; (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest.

41. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is

necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Houlihan Lokey reviewed and discussed its financial analyses with the Board during various meetings including on August 26, 2022, and further states that the Board considered Houlihan Lokey's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

42. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Hill within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Hill and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or

indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

47. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these

defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Hill stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.  In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.  Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.  Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 21, 2022                     **ROWLEY LAW PLLC**


*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*